**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RYAN VANDERSTELT, *et al.*,

        Plaintiffs,

   v.

JOSEPH R. BIDEN, *et al.*,

        Defendants.

Case No. 1:22-cv-5

HON. PAUL L. MALONEY
U.S. District Court Judge

HON. RAY KENT
U.S. Magistrate Judge

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

BACKGROUND .........................................................................................................1

I.     Executive Order 14042 ....................................................................................1

II.    This Lawsuit ...................................................................................................3

III.   Revocation of Executive Order 14042 .........................................................4

LEGAL STANDARDS ...............................................................................................5

ARGUMENT ..............................................................................................................6

I.     This case is moot. ...........................................................................................6

II.    No exception to mootness applies. ...............................................................11

III.   Plaintiffs' request for nominal damages does not save this case from mootness.....................15

CONCLUSION ..........................................................................................................17

# TABLE OF AUTHORITIES

## Cases

*ACLU of Mass. v. U.S. Conf. of Cath. Bishops*,
  705 F.3d 44 (1st Cir. 2013) ................................................................................................16

*Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*,
  43 F.4th 624 (6th Cir. 2022) ................................................................................................5

*Allen v. Whitmer*,
  No. 21-1019, 2021 WL 3140318 (6th Cir. July 26, 2021) ..................................................17

*Almaqrami v. Pompeo*,
  933 F.3d 774 (D.C. Cir. 2019) ............................................................................................8

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013) ..................................................................................................... 6, 12

*Bayou Liberty Ass'n v. U.S. Army Corps of Eng'rs*,
  217 F.3d 393 (5th Cir. 2000) ..............................................................................................15

*Bazzrea v. Mayorkas*,
  --- F. Supp. 3d ---, 2023 WL 3958912 (S.D. Tex. June 12, 2023) ....................................10

*Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*,
  941 F.3d 1195 (9th Cir. 2019) ..............................................................................................7

*Bench Billboard Co. v. City of Cincinnati*,
  675 F.3d 974 (6th Cir. 2012) ................................................................................................7

*Blakely v. United States*,
  276 F.3d 853 (6th Cir. 2002) ..............................................................................................16

*Bos. Bit Labs, Inc. v Baker*,
  11 F.4th 3 (1st Cir. 2021) ....................................................................................................12

*Brach v. Newsom*,
  38 F.4th 6 (9th Cir. 2022),
  *cert. denied*, 143 S. Ct. 854 (2023) ..................................................................... 11, 14, 15

*Brandywine, Inc. v. City of Richmond*,
  359 F.3d 830 (6th Cir. 2004) ................................................................................................7

*Brnovich v. Biden*,
  562 F. Supp. 3d 123 (D. Ariz. 2022) ....................................................................................3

*Brumit v. City of Granite City*,
    --- F.4th ---, 2023 WL 4066650 (7th Cir. June 16, 2023) ....................................................17

*Cartwright v. Garner*,
    751 F.3d 752 (6th Cir. 2014) ...................................................................................................6

*Church of Scientology v. United States*,
    506 U.S. 9 (1992) .....................................................................................................................8

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ...............................................................................................................17

*Clark v. Governor of N.J.*,
    53 F.4th 769 (3d Cir. 2022) .............................................................................................. 9, 11

*Clements v. Austin*,
    No. 2:22-cv-2069, 2023 WL 3479466 (D.S.C. May 16, 2023) ...........................................10

*Colonel Fin. Mgmt. Officer v. Austin*,
    Nos. 8:22-cv-1275, 8:21-cv-2429, 2023 WL 2764767 (M.D. Fla. Apr. 3, 2023) ....... 10, 14

*Davis v. Colerain Twp.*,
    51 F.4th 164 (6th Cir. 2022) .................................................................................................12

*Donovan v. Vance*,
    70 F.4th 1167 (9th Cir. 2023) .................................................................................................9

*Eden, LLC v. Justice*,
    36 F.4th 166 (4th Cir. 2022) ........................................................................................... 11, 13

*FDIC v. Meyer*,
    510 U.S. 471 (1994) ...............................................................................................................16

*FEC v. Wis. Right to Life, Inc.*,
    551 U.S. 449 (2007) ...............................................................................................................15

*Fialka-Feldman v. Oakland Univ. Bd. of Trs.*,
    639 F.3d 711 (6th Cir. 2011) ...............................................................................................6, 8

*Florida v. Nelson*,
    576 F. Supp. 3d 1017 (M.D. Fla. 2021) ..................................................................................2

*Ford v. Wilder*,
    469 F.3d 500 (6th Cir. 2006) ...................................................................................................9

*Friends of Tims Ford v. Tenn. Valley Auth.*,
    585 F.3d 955 (6th Cir. 2009) ...................................................................................................9

*Georgia v. Biden*,
574 F. Supp. 3d 1337 (S.D. Ga. 2021) .................................................................. 2, 17

*Georgia v. President of the United States*,
46 F.4th 1283 (11th Cir. 2022) ................................................................................. 3

*Glow In One Mini Golf LLC v. Walz*,
37 F.4th 1365 (8th Cir. 2022) ................................................................................. 11

*Gunn v. Minton*,
568 U.S. 251 (2013) ................................................................................................. 5

*Hanrahan v. Mohr*,
905 F.3d 947 (6th Cir. 2018) ................................................................................. 12

*Hill v. Snyder*,
878 F.3d 193 (6th Cir. 2017) ................................................................................... 7

*Hollis v. Biden*,
No. 21-60910, 2023 WL 3593251 (5th Cir. May 18, 2023) ................................. 10

*Howard v. City of Detroit*,
40 F.4th 417 (6th Cir. 2022) .................................................................................... 6

*Keister v. Bell*,
29 F.4th 1239 (11th Cir. 2022) ................................................................................ 7

*Kentucky v. Biden*,
571 F. Supp. 3d 715 (E.D. Ky. 2021) .................................................................. 2, 4

*Kingdomware Techs., Inc. v. United States*,
579 U.S. 162 (2016) ............................................................................................... 14

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ................................................................................................. 5

*Ky. Right to Life, Inc. v. Terry*,
108 F.3d 637 (6th Cir. 1997) ................................................................................... 7

*Larry E. Parrish, P.C. v. Bennett*,
989 F.3d 452 (6th Cir. 2021) ................................................................................... 9

*Lawrence v. Blackwell*,
430 F.3d 368 (6th Cir. 2005) ................................................................................. 15

*Louisiana v. Biden*,
575 F. Supp. 3d 680 (W.D. La. 2021) ..................................................................... 2

*Memphis A. Philip Randolph Inst. v. Hargett,*
  2 F.4th 548 (6th Cir. 2021) .................................................................. 6, 15

*Missouri v. Biden,*
  576 F. Supp. 3d 622 (E.D. Mo. 2021) ............................................................ 2

*Missouri v. Biden,*
  No. 22-1104, 2023 WL 3862561 (8th Cir. June 7, 2023) ................................ 10

*Murphy v. Hunt,*
  455 U.S. 478 (1982) .......................................................................... 14

*Nat'l Black Police Ass'n v. Dist. of Columbia,*
  108 F.3d 346 (D.C. Cir. 1997) ................................................................ 14

*Navy SEAL 1 v. Austin,*
  No. 22-5114, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023) .......................... 10

*Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.,*
  554 F.3d 1290 (10th Cir. 2009) .............................................................. 16

*Ohio v. EPA,*
  969 F.3d 306 (6th Cir. 2020) ........................................................... 6, 12, 14

*Pharmachemie B.V. v. Barr Lab'ys, Inc.,*
  276 F.3d 627 (D.C. Cir. 2002) ................................................................ 15

*Preiser v. Newkirk,*
  422 U.S. 395 (1975) ........................................................................... 9

*Radiant Glob. Logistics, Inc. v. Furstenau,*
  951 F.3d 393 (6th Cir. 2020) ............................................................. 6, 8, 9

*Reed Elsevier, Inc. v. Muchnick,*
  559 U.S. 154 (2010) ........................................................................... 5

*Regalado v. Dir., Ctr. for Disease Control,*
  No. 22-12265, 2023 WL 239989 (11th Cir. Jan. 18, 2023) ............................ 10

*Resurrection Sch. v. Hertel,*
  35 F.4th 524 (6th Cir. 2022) .............................................................*passim*

*Robert v. Austin,*
  --- F.4th ---, 2023 WL 4361082 (10th Cir. July 6, 2023) .............................. 10

*Roth v. Austin,*
  62 F.4th 1114 (8th Cir. 2023) ................................................................ 10

*Saint Michael Acad., Inc. v. Hertel,*
    No. 22-1054, 2022 WL 14707052 (6th Cir. Oct. 26, 2022) ................................................16

*Short v. Berger,*
    Nos. 22-15755, 22-16607, 2023 WL 2258384 (9th Cir. Feb. 24, 2023) ...............................10

*Sierra Club v. FERC,*
    68 F.4th 630 (D.C. Cir. 2023) .................................................................................................7

*Spell v. Edwards,*
    962 F.3d 175 (5th Cir. 2020) ..............................................................................................7, 8

*Thompson v. DeWine,*
    7 F.4th 521 (6th Cir. 2021) ........................................................................................9, 14, 15

*TransUnion LLC v. Ramirez,*
    141 S. Ct. 2190 (2021) ............................................................................................................6

*Trump v. Hawaii,*
    138 S. Ct. 377 (2017) ..............................................................................................................7

*U.S. Navy SEALs 1–26 v. Biden,*
    --- F.4th ---, 2023 WL 4362355 (5th Cir. July 6, 2023) ...............................................*passim*

*Uzuegbunam v. Preczewski,*
    141 S. Ct. 792 (2021) ......................................................................................................16, 17

**Rules**

Fed. R. Civ. P. 12(b)(1) ...............................................................................................................5

**Regulations**

86 Fed. Reg. 63,418 (Nov. 16, 2021) ..........................................................................................2

Executive Order 14042, 86 Fed. Reg. 50,985 (Sept. 9, 2021) .............................................*passim*

Executive Order 14099, 88 Fed. Reg. 30,891 (May 9, 2023) ......................................2, 4, 8, 13

**Other Authorities**

5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1212 (4th ed.).......................16

## INTRODUCTION

Plaintiffs filed this lawsuit a year and a half ago to prevent enforcement of Executive Order 14042. The President issued that order in September 2021, during an acute phase of the COVID-19 pandemic, to direct federal agencies to include in certain contracts a clause requiring compliance with COVID-19 workplace safety protocols, including a vaccination requirement for contractors' employees. But since then, the President has determined that Executive Order 14042's requirements are no longer warranted in light of dramatic improvements in public-health conditions. He therefore revoked Executive Order 14042 and instructed that all policies premised on that order must be rescinded and cannot be enforced. As a result, there is no longer any effective relief that this Court can grant to Plaintiffs. This case is therefore moot and should be dismissed.

## BACKGROUND

### I.   Executive Order 14042

In January 2020, the Secretary of Health and Human Services declared a public health emergency as SARS-CoV-2, a highly transmissible virus that causes a deadly respiratory disease known as COVID-19, emerged and spread across the country.[1] Shortly thereafter, the President declared the COVID-19 outbreak a national emergency.[2] A prolonged global pandemic unfolded over the ensuing years, with SARS-CoV-2 infecting, hospitalizing, and killing millions of Americans and severely disrupting public life and business operations in the United States.[3]

In September 2021, during an acute phase of the COVID-19 pandemic, the President responded to this national emergency by issuing Executive Order 14042, 86 Fed. Reg. 50,985 (Sept.

---

[1] Alex M. Azar II, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020), https://perma.cc/VZ5X-CT5R.

[2] White House, *Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak* (Mar. 13, 2020), https://perma.cc/3PUQ-XNYY.

[3] Centers for Disease Control and Prevention, *COVID Data Tracker* (updated July 3, 2023), https://perma.cc/TU6E-RWCD.

9, 2021), *revoked by* Executive Order ("EO") 14099, 88 Fed. Reg. 30,891 (May 9, 2023). Executive Order 14042 directed Executive departments and agencies to incorporate into certain new contracts and solicitations a clause imposing COVID-19 workplace safety protocols, including a vaccination requirement for contractors' employees.[4]

Enforcement of Executive Order 14042 was short lived. On November 30, 2021, the U.S. District Court for the Eastern District of Kentucky preliminarily enjoined the federal government "from enforcing the vaccine mandate for federal contractors and subcontractors in all covered contracts in Kentucky, Ohio, and Tennessee." *Kentucky v. Biden*, 571 F. Supp. 3d 715, 735 (E.D. Ky. 2021), *aff'd as modified*, 57 F.4th 545 (6th Cir. 2023). Then, the following week, the U.S. District Court for the Southern District of Georgia issued a nationwide preliminary injunction that enjoined the federal government "from enforcing the vaccine mandate for federal contractors and subcontractors in all covered contracts in any state or territory of the United States of America." *Georgia v. Biden*, 574 F. Supp. 3d 1337, 1357 (S.D. Ga. 2021), *aff'd in part and vacated in part sub nom. Georgia v. President of the United States*, 46 F.4th 1283, 1308 (11th Cir. 2022). And additional injunctions soon followed. *See Louisiana v. Biden*, 575 F. Supp. 3d 680, 696 (W.D. La. 2021) (granting a preliminary injunction as to the state plaintiffs' federal contracts), *aff'd*, 55 F.4th 1017 (5th Cir. 2022); *Missouri v. Biden*, 576 F. Supp. 3d 622, 635 (E.D. Mo. 2021) (granting a preliminary injunction as to federal contracts in Missouri, Nebraska, Alaska, Arkansas, Iowa, Montana, New Hampshire, North Dakota, South Dakota, and Wyoming), *appeal dismissed*, 2023 WL 3862561 (8th Cir. June 7, 2023) (per curiam); *Florida v. Nelson*, 576 F. Supp. 3d 1017, 1040 (M.D. Fla. 2021) (granting a preliminary injunction as to federal contracts

---

[4] The COVID-19 workplace safety protocols were developed by the Safer Federal Workforce Task Force ("Task Force") and became binding on November 16, 2021, when the Acting Director of the Office of Management and Budget ("OMB") determined, pursuant to the President's delegation of his statutory authority, that adherence to the protocols would promote economy and efficiency in federal contracting. *See* EO 14042 § 2; *see also* 86 Fed. Reg. 63,418, 63,418–23 (Nov. 16, 2021).

in Florida), *appeal dismissed*, 2022 WL 18282863 (11th Cir. Oct. 26, 2022); *Brnovich v. Biden*, 562 F. Supp. 3d 123, 167 (D. Ariz. 2022) (granting a preliminary injunction "limited to the geographic boundaries" of Arizona), *rev'd sub nom. Mayes v. Biden*, 67 F.4th 921, 945–46 (9th Cir. 2023).

## II.    This Lawsuit

Plaintiffs commenced this lawsuit on January 4, 2022, to challenge the issuance and implementation of Executive Order 14042. *See* Compl. for Decl. & Inj., & Other Relief ("Compl."), ECF No. 1. Plaintiffs sought declaratory and prospective injunctive relief from the "Federal Contractor Vaccine Mandate," which, according to Plaintiffs, comprised Executive Order 14042 and three documents promulgated to implement that order—(i) the Task Force's workplace safety guidance for federal contractors; (ii) the Acting Director of OMB's determination that adherence to the Task Force's guidance would promote economy and efficiency in federal contracting; and (iii) the Federal Acquisition Regulatory ("FAR") Council's memorandum providing initial guidance for incorporating COVID-19 safety clauses in federal contracts. *Id.* at pp. 3–4.

In April 2022, Defendants moved to stay proceedings in this matter pending final resolution of the federal government's appeal from the district court's order issuing a nationwide preliminary injunction in *Georgia. See* Defs.' Unopposed Mot. to Stay, ECF No. 17. This Court promptly granted Defendants' motion, staying all deadlines "pending further order of the Court." *See* Order, ECF No. 21. In August 2022, the Eleventh Circuit issued a decision in *Georgia v. President of the United States*, 46 F.4th 1283 (11th Cir. 2022), upholding the district court's decision to enter a preliminary injunction enjoining enforcement of Executive Order 14042, but narrowing the injunction's scope to contracts and solicitations involving plaintiffs in that case. *Id.* at 1308.

On September 19, 2022, this Court extended the stay based in part on the fact that several similar challenges to Executive Order 14042 were then "working their way through the federal circuit courts," including an appeal before the Sixth Circuit in *Kentucky. See* Order Extending Stay at 2, ECF

No. 28 (referencing *Kentucky v. Biden*, No. 21-6147 (6th Cir.)). The Court also noted that Plaintiffs were "not currently in danger of enforcement" of Executive Order 14042, given that the Task Force had "suspended enforcement." *Id.* at 2–3. In January 2023, the Sixth Circuit issued a decision in *Kentucky*, upholding the district court's decision to enter a preliminary injunction enjoining enforcement of Executive Order 14042, but narrowing the injunction's scope to contracts and solicitations involving the plaintiffs in that case. *See* 57 F.4th at 557. But again, the Court extended the stay on February 23, 2023, finding that Plaintiffs were not "in danger of enforcement of" Executive Order 14042 because the Task Force had "direct[ed] federal agencies not to enforce the vaccine requirement" for federal contractors. *See* Order Extending Stay at 2, ECF No. 31. The Court also noted that the Biden Administration intended to end the COVID-19 public health emergency by May 11, 2023. *Id.*

### III.    Revocation of Executive Order 14042

On May 1, 2023, the White House issued a statement announcing that the Administration would "end the COVID-19 vaccine requirement[] for . . . Federal contractors" on May 11, 2023, "the same day that the COVID-19 public health emergency ends." *See* The White House, *The Biden-Harris Administration Will End COVID-19 Vaccination Requirements for Federal Employees, Contractors, International Travelers, Head Start Educators, and CMS-Certified Facilities* (May 1, 2023), https://perma.cc/93DS-N47L. The statement explains that the Administration is now "in a different phase of [its] response to COVID-19," given that nearly 270 million Americans have received at least one shot of the COVID-19 vaccine, COVID-19 deaths have declined by 95%, and hospitalizations are down nearly 91%. *Id.*

On May 9, 2023, the President issued an Executive Order revoking Executive Order 14042, thereby ending the COVID-19 vaccination requirement for Federal contractors effective May 12, 2023, at 12:01 a.m. eastern daylight time. *See* Executive Order 14099 §§ 2–3, 88 Fed. Reg. at 30,891. The Executive Order further instructed that "[a]gency policies adopted to implement Executive Order 14042 . . . , to the extent such policies are premised on th[at] order[], no longer may be enforced and

4

shall be rescinded consistent with applicable law." *See id.* § 2, 88 Fed. Reg. at 30,891.

On May 12, 2023, the Task Force updated its website to indicate that Executive Order 14042 had been revoked and that "all prior guidance from the [Task Force] implementing the requirements of Executive Order 14042 has also been revoked." *See* Task Force, *For Federal Contractors* (May 12, 2023), https://perma.cc/BTT2-BF58.  The website further notes:

> Pursuant to the Executive Order [of May 9, 2023], the Federal Government will not take any steps to require covered contractors and subcontractors to come into compliance with previously issued Task Force guidance implementing Executive Order 14042 and will not enforce any existing contract clauses implementing Executive Order 14042. Agencies must promptly rescind any deviations, policies, or other guidance premised on Executive Order 14042, and the FAR Council has revoked its September 30, 2021 guidance regarding deviations to the FAR to implement Executive Order 14042.

Shortly thereafter, Defendants asked Plaintiffs whether they intended to voluntarily dismiss their claims, given that the President had revoked Executive Order 14042. Plaintiffs indicated that they had no plans to dismiss this case. After the parties advised the Court of their respective positions in a joint status report, the Court lifted the stay and directed Defendants to file a responsive pleading or appropriate motion by July 12, 2023. *See* Order Lifting Stay, ECF No. 36.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). As such, a court must presume that an action "lies outside [its] limited jurisdiction, and the burden of establishing the contrary rests upon" the party invoking federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). A court's subject-matter jurisdiction refers to its "statutory or constitutional power to adjudicate the case" before it. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010) (citation omitted). A court must dismiss a complaint when it lacks subject-matter jurisdiction. *Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022).

A  motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction must be granted when the allegations contained in the complaint fail to establish

jurisdiction either "facially" or "factually." *Howard v. City of Detroit*, 40 F.4th 417, 422 (6th Cir. 2022). A "facial" attack under Rule 12(b)(1) accepts the truth of the plaintiff's well-pleaded allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. *Id.* A "factual" attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings, and the court may review the extrinsic evidence without converting the motion into one for summary judgment. *Id.* When faced with a factual attack, the plaintiff bears the burden of establishing that jurisdiction exists. *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014).

## ARGUMENT

### I.    This case is moot.

Article III limits federal courts' jurisdiction to resolving actual "Cases" and "Controversies," not any dispute that happens to arise between two parties. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "An actual, ongoing controversy exists when there is a genuine dispute between adverse parties" and "the relief requested would have a real impact on the legal interests of those parties." *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 557–58 (6th Cir. 2021) (cleaned up). This "cradle-to-grave requirement" of federal jurisdiction "must be met in order to file a claim in federal court" and "must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). So if at any stage of litigation "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," the "case becomes moot" and must be dismissed for lack of jurisdiction "[n]o matter how vehemently" a plaintiff may continue to "dispute the lawfulness of the conduct that precipitated the lawsuit." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted); *accord Radiant Glob. Logistics, Inc. v. Furstenau*, 951 F.3d 393, 396 (6th Cir. 2020).

Often, a case will become moot as a result of events that occur during the course of litigation. *Ohio v. EPA*, 969 F.3d 306, 308 (6th Cir. 2020). And "[a]mong the events that . . . ordinarily moots a case midstream" is the repeal or termination of a challenged government policy, "which usually

eliminates th[e] requisite case-or-controversy." *Hill v. Snyder*, 878 F.3d 193, 203–04 (6th Cir. 2017) (citation omitted); *accord Sierra Club v. FERC*, 68 F.4th 630, 643 (D.C. Cir. 2023) ("When a challenged order expires during the pendency of litigation, the challenge generally becomes moot—at least when, as here, the challenger seeks only prospective relief."); *Keister v. Bell*, 29 F.4th 1239, 1250 (11th Cir. 2022) ("[W]hen a government fully repeals a challenged law, a case challenging that law is almost surely moot."), *cert. denied*, 143 S. Ct. 1020 (2023); *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020) ("[A] case challenging a statute, executive order, or local ordinance usually becomes moot if the challenged law has expired or been repealed."); *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) ("[T]he repeal, amendment, or expiration of [a] challenged [law] is generally enough to render a case moot and appropriate for dismissal."); *see also, e.g.*, *Trump v. Hawaii*, 138 S. Ct. 377 (2017) (mem.) (instructing a lower court to dismiss as moot a case challenging an Executive Order that was no longer effective).[5]

Measured by these principles, this case is moot. Plaintiffs brought this lawsuit over eighteen months ago to challenge and seek relief from the "Federal Contractor Vaccine Mandate," which, according to Plaintiffs, comprised Executive Order 14042, the Task Force's workplace safety guidance for federal contractors, the Acting Director of OMB's economy-and-efficiency determination, and the FAR Council's initial guidance for incorporating COVID-19 safety clauses in federal contracts. *See*

---

[5] The Sixth Circuit has repeatedly held that when a challenged government policy is repealed or otherwise terminated during the pendency of litigation, claims seeking declaratory and injunctive relief from the policy's enforcement become moot. *See, e.g.*, *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 980–82 (6th Cir. 2012) (holding that claims for declaratory and injunctive relief were moot after a city enacted an ordinance "delet[ing]" the challenged municipal code provision); *Brandywine, Inc. v. City of Richmond*, 359 F.3d 830, 835–36 (6th Cir. 2004) (holding that claims for declaratory and injunctive relief were moot after a city eliminated the challenged municipal zoning requirement, explaining that the court "can neither declare unconstitutional nor enjoin the enforcement of a provision that is no longer in effect"); *see also, e.g.*, *Ky. Right to Life, Inc. v. Terry*, 108 F.3d 637, 644–45 (6th Cir. 1997) (dismissing as moot claims challenging state statutory provisions that were amended during the course of the litigation).

Compl. at pp. 3–4. But since then, the President has revoked Executive Order 14042 and instructed that any policies premised on that order—including each of the actions that Plaintiffs challenge—can no longer be enforced and must be rescinded. *See* EO 14099, 88 Fed. Reg. at 30,891. And consistent with those instructions, the Task Force revoked its prior guidance implementing Executive Order 14042's requirements. *See* Task Force, *For Federal Contractors* (May 12, 2023), https://perma.cc/BTT2-BF58. Therefore, at this point, Plaintiffs are seeking to challenge an Executive Order that has been revoked, is no longer in effect, and with which they will never have to comply. But Plaintiffs possess no "legally cognizable interest" in challenging these past actions, as they "require nothing of and mean nothing to" Plaintiffs. *See Radiant Glob. Logistics*, 951 F.3d at 395–96 (cleaned up). So what may have "started as a disagreement with consequences for both parties" has become "an abstract dispute with consequences for neither party"—the definition of mootness. *See Fialka-Feldman*, 639 F.3d at 713–14.

The fact that this Court can provide no "effectual relief" to Plaintiffs underscores the mootness of this case. *See id.* at 713 (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). Plaintiffs seek declaratory and prospective injunctive relief from the "Federal Contractor Vaccine Mandate"—*i.e.*, Executive Order 14042 and its implementing guidance. *See* Compl., Relief Requested. But there is no "Federal Contractor Vaccine Mandate"—the President revoked it, and it is no longer in effect. *See supra* pp. 4–5. There is therefore no action for this Court to enjoin. *See, e.g., U.S. Navy SEALs 1–26 v. Biden*, --- F.4th ---, 2023 WL 4362355, at *4 (5th Cir. July 6, 2023) ("There is no need to enjoin policies that no longer exist."); *Resurrection Sch. v. Hertel*, 35 F.4th 524, 528–30 (6th Cir. 2022) (en banc) (holding that claims for injunctive relief were moot "given that the State ha[d] already rescinded the mandate" that the plaintiffs sought to enjoin); *Spell*, 962 F.3d at 179 ("Once the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do."); *Almaqrami v. Pompeo*, 933 F.3d 774, 783 (D.C. Cir. 2019) ("[C]ourts generally cannot declare unlawful or enjoin policies that are no longer in force."); *Radiant Glob. Logistics*, 951 F.3d at 396; *Thompson v.*

*DeWine*, 7 F.4th 521, 524–25 (6th Cir. 2021). Indeed, Executive Order 14042's revocation provided Plaintiffs with all the relief that any injunction could have provided. *See, e.g.,* *U.S. Navy SEALs 1–26*, 2023 WL 4362355, at *3; *Clark v. Governor of N.J.*, 53 F.4th 769, 776 (3d Cir. 2022) (dismissing as moot challenge to withdrawn COVID-19–related policies given that their withdrawal gave the plaintiffs "the very relief sought"), *cert. denied sub nom. Clark v. Murphy*, 2023 WL 3158378 (U.S. May 1, 2023).

Plaintiffs' request for declaratory relief is similarly moot. The only harm that Plaintiffs allege is that the "Federal Contractor Vaccine Mandate" forces them to choose between becoming vaccinated against COVID-19 or risking adverse employment actions. Compl. ¶¶ 96–97. But that's no longer true, even assuming it once was. No Plaintiff is or will ever be required to become vaccinated because of Executive Order 14042, and no Plaintiff faces or will ever face the risk of adverse employment actions because of that order. There is thus no "substantial controversy . . . *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *See Thompson*, 7 F.4th at 524 (quoting *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)); *see also Larry E. Parrish. P.C. v. Bennett*, 989 F.3d 452, 457 (6th Cir. 2021) ("Federal courts are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." (cleaned up)); *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) ("[A] federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." (citation omitted)); *Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 971 (6th Cir. 2009) (holding that a plaintiff lacked standing to seek a declaratory judgment that would not "affect[] the behavior of the defendant towards the plaintiff" (cleaned up)).

Consistent with this analysis, numerous courts have concluded that challenges to federal COVID-19 vaccination requirements—including Executive Order 14042—became moot when those requirements were rescinded. *See, e.g., Donovan v. Vance*, 70 F.4th 1167, 1171–72 (9th Cir. 2023) ("We cannot provide relief from" Executive Order 14042 because it "no longer exist[s]," and therefore "we

9

hold that that this appeal is moot and dismiss."); *Missouri v. Biden*, No. 22-1104, 2023 WL 3862561, at *1 (8th Cir. June 7, 2023) ("Because [Executive Order] 14042 and its accompanying guidance have been revoked and can no longer be enforced, . . . we conclude this appeal has become moot and dismiss it as such." (cleaned up)); *Hollis v. Biden*, No. 21-60910, 2023 WL 3593251, at *1 (5th Cir. May 18, 2023) (concluding that a case challenging Executive Order 14042 had become moot following revocation of the order and its implementing guidance); *U.S. Navy SEALs 1–26*, 2023 WL 4362355, at *1–7 (dismissing as moot an appeal challenging the military's COVID-19 vaccination mandate following the mandate's rescission); *Robert v. Austin*, --- F.4th ---, 2023 WL 4361082 (10th Cir. July 6, 2023) (same); *Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. 2023) (same); *Navy SEAL 1 v. Austin*, No. 22-5114, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023) (same), *pet. for cert filed sub nom. Creaghan v. Austin*, No. 22-1201 (U.S. June 12, 2023); *Short v. Berger*, Nos. 22-15755, 22-16607, 2023 WL 2258384 (9th Cir. Feb. 24, 2023) (same); *Regalado v. Dir., Ctr. for Disease Control*, No. 22-12265, 2023 WL 239989 (11th Cir. Jan. 18, 2023) (affirming dismissal of case on mootness grounds where the challenged Occupational Safety and Health Administration's COVID-19 vaccination mandate had been "withdrawn"); *Bazzrea v. Mayorkas*, --- F. Supp. 3d ---, 2023 WL 3958912, at *4 (S.D. Tex. June 12, 2023) (dismissing as moot case challenging the Coast Guard's COVID-19 vaccination mandate, explaining that the mandate's rescission "eliminated the actual controversy" and precluded the court from providing "effectual relief"); *Clements v. Austin*, No. 2:22-cv-2069, 2023 WL 3479466, at *3 (D.S.C. May 16, 2023) (same); *Colonel Fin. Mgmt. Officer v. Austin*, Nos. 8:22-cv-1275, 8:21-cv-2429, 2023 WL 2764767, at *3 (M.D. Fla. Apr. 3, 2023) (dismissing as moot case challenging the military's COVID-19 vaccination mandate because the "mandate no longer exists").[6]

---

[6] Facing this broad judicial consensus, several plaintiffs that had challenged Executive Order 14042 voluntarily dismissed their cases following its revocation. *Oklahoma v. Biden*, No. 5:21-cv-1069 (W.D. Okla. June 21, 2023), ECF No. 57; *Georgia v. Biden*, No. 1:21-cv-163 (S.D. Ga. June 1, 2023), ECF No. 127; *Louisiana v. Biden*, No. 1:21-cv-3867 (W.D. La. May 31, 2023), ECF No. 63; *Florida v.*

Many courts have come to the same conclusion concerning challenges to other COVID-19–related policies that—like Executive Order 14042—were repealed or terminated during the course of litigation. *See, e.g.*, *Resurrection Sch.*, 35 F.4th at 530 (instructing lower court to dismiss as moot challenge to a rescinded state mask mandate); *Clark*, 53 F.4th at 776 (dismissing as moot challenge to withdrawn state stay-at-home orders and restrictions on in-person gatherings, explaining that the court could grant "no effectual relief" given that the policies' withdrawal gave the plaintiffs "the very relief sought" (citation omitted)); *Eden, LLC v. Justice*, 36 F.4th 166, 172 (4th Cir. 2022) (instructing lower court to dismiss as moot challenges to rescinded state executive orders limiting the size of certain gatherings); *Glow In One Mini Golf LLC v. Walz*, 37 F.4th 1365, 1371–73 (8th Cir. 2022) (dismissing as moot claims for declaratory and injunctive relief where the challenged state executive order limiting the capacity at which certain businesses could operate was "no longer in effect" and all related restrictions "lost their life during the course of th[e] litigation"), *cert. denied*, 143 S. Ct. 574 (2023); *Brach v. Newsom*, 38 F.4th 6, 15 (9th Cir. 2022) (en banc) (instructing lower court to dismiss as moot challenge to a rescinded state executive order that had restricted in-school learning), *cert. denied*, 143 S. Ct. 854 (2023).

There is no reason this Court should reach a different result here.

## II.    No exception to mootness applies.

Plaintiffs insist that their claims survive under the voluntary-cessation and the capable-of-repetition-yet-evading-review exceptions to mootness. *See* Joint Status Report at 5–8, ECF No. 35. Neither exception applies here.

*Voluntary cessation.* A defendant's voluntary cessation of challenged conduct will moot a case unless there is a "reasonable expectation" that the "conduct will recur in the foreseeable future."

---

*Nelson*, No. 8:21-cv-2524 (M.D. Fla. May 23, 2023), ECF No. 50; *Assoc. Gen. Contractors of Am., Inc. v. Biden*, No. 4:21-cv-1344 (N.D. Tex. May 16, 2023), ECF No. 53; *Texas v. Biden*, No. 3:21-cv-309 (S.D. Tex. May 12, 2023), ECF No. 64; *Skurich v. Biden*, No. 3:22-cv-10 (S.D. Tex. May 22, 2023), ECF No. 12; *US Freedom Flyers v. United States*, No. 8:21-cv-2738 (M.D. Fla. May 18, 2023), ECF No. 27.

*Resurrection Sch.*, 35 F.4th at 529–31 (quoting *Ohio*, 969 F.3d at 310); *accord Davis v. Colerain Twp.*, 51 F.4th 164, 174 (6th Cir. 2022). The government has "an easier time satisfying this test" than other litigants, *Davis*, 51 F.4th at 174, because courts treat the government's cessation of challenged conduct "with more solicitude . . . than similar action by private parties," *Hanrahan v. Mohr*, 905 F.3d 947, 961 (6th Cir. 2018) (cleaned up). That's because courts presume that governmental actors "act in good faith," *U.S. Navy SEALs 1–26*, 2023 WL 4362355, at *5 (citation omitted), and "government self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine," *Hanrahan*, 905 F.3d at 961 (citation omitted). Thus, a court must presume that government defendants "will not resume their challenged conduct unless objective evidence suggests that they have made a bad-faith change to avoid judicial review." *Davis*, 51 F.4th at 174–75.

This case does not fit within the voluntary-cessation exception to mootness. *First*, the litigation-posturing concerns that animate that exception are not present here. *See, e.g. Already*, 568 U.S. at 91 (explaining that the voluntary-cessation exception ensures that a defendant cannot evade judicial review by stopping questionable behavior "to have the case declared moot" just to "pick up where he left off . . . until he achieves all his" ends); *Resurrection Sch.*, 35 F.4th at 529–30 (rejecting the plaintiffs' reliance on the voluntary-cessation exception because, *inter alia*, there was a "lack of gamesmanship on the State's part"); *U.S. Navy SEALs 1–26*, 2023 WL 4362355, at *5 (refusing to apply the voluntary-cessation exception where there were no "suspicions of litigation posturing" or "signs of . . . gamesmanship" (citation omitted)); *Bos. Bit Labs, Inc. v Baker*, 11 F.4th 3, 10 (1st Cir. 2021) ("For openers, we question whether this case raises the kind of litigation-scheming suspicions typically associated with defendant-initiated mootness. . . . [C]ircumstances suggest that Governor Baker" rescinded the COVID-19–related policies "not to avoid a court judgment, but in response to the progress made in battling the pandemic."). The President revoked Executive Order 14042 "not in response to this lawsuit, but [sixteen] months later, along with several other pandemic-related orders,"

in response to dramatic changes in public-health conditions. *See Resurrection Sch.*, 35 F.4th at 529. The timing and circumstances of Executive Order 14042's rescission thus raise no "suspicions that its cessation was not genuine" or was the product of "gamesmanship." *See id.* at 529–30 (cleaned up).

*Second*, there is no reasonable expectation that the federal government will reimpose a policy substantially similar to Executive 14042 in the foreseeable future, especially given the dramatic change in circumstances since the President issued that order. *See Resurrection Sch.*, 35 F.4th at 529–30 (finding that, because "the relevant circumstances ha[d] changed dramatically since" the state defendants had imposed their mask mandate, there was no reasonable possibility that they would reimpose a similar mandate); *Eden*, 36 F.4th at 171 (similar). At that time, the country was in an "acute phase of the COVID-19 pandemic," when a "highly contagious . . . variant was the predominant variant of the [SARS-CoV-2] virus in the United States and had led to a rapid rise in cases and hospitalizations." EO 14099 § 1, 88 Fed. Reg. at 30,891. But the situation today differs markedly from September 2021. As of May 2023, nearly 270 million Americans have received at least one shot of the COVID-19 vaccine, COVID-19 deaths have declined by 93%, and hospitalizations are down 86%. *Id.* Moreover, the American "healthcare system and public health resources throughout the country are now better able to respond to any potential surge of COVID-19 cases without significantly affecting access to resources or care," and "public health experts have issued guidance that allows individuals to understand mitigation measures to protect themselves and those around them." *Id.* Accordingly, the Administration and the country are now "in a different phase of [their] response to COVID-19." *See* The White House, *The Biden-Harris Administration Will End COVID-19 Vaccination Requirements for Federal Employees, Contractors, International Travelers, Head Start Educators, and CMS-Certified Facilities* (May 1, 2023), https://perma.cc/93DS-N47L. The prospect that the federal government will reimpose Executive Order 14042 is thus exceedingly remote—and hardly can be reasonably expected.

Plaintiffs insist, however, that Executive Order 14042's revocation cannot moot this case

because the federal government has not "disavowed" the "wisdom" or "legality" of the order. *See* Joint Status Report at 5, 7, ECF No. 35. But "the government need not concede unlawful conduct to moot an action by rescission of the challenged conduct." *Colonel Fin. Mgmt. Officer*, 2023 WL 2764767, at *2. Nor does the President's mere authority to issue a similar policy as Executive Order 14042 prevent mootness. "It is black-letter law that the government's mere ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception." *U.S. Navy SEALs 1–26*, 2023 WL 4362355, at *5 (cleaned up); *accord Nat'l Black Police Ass'n v. Dist. of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997) ("[T]he mere power to reenact a challenged law is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists."). Likewise, Plaintiffs' speculations about the remote possibility that the federal government may someday impose a similar policy as Executive Order 14042 cannot keep this case alive. *See Ohio*, 969 F.3d at 310 ("[A] case [does not] remain[] live if the challenged conduct might recur at any time in the future, no matter how distant. What we cannot foresee, we cannot reasonably expect."); *Brach*, 38 F.4th at 14 ("Reasonable expectation means something more than 'a mere physical or theoretical possibility.'" (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982))); *Thompson*, 7 F.4th at 526 ("[P]laintiffs fall back on their fear that a future pandemic could wreak similar havoc . . . . This speculation does not get the job done.").

   *Capable of repetition yet evading review.* The capable-of-repetition-yet-evading-review exception to mootness "applies only in exceptional situations." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (cleaned up). For a dispute to fall within this exception, a plaintiff must satisfy a two-pronged test: *first*, "the challenged action must be too short in duration for the parties to fully litigate it before it becomes moot"; and *second*, "there must be a reasonable expectation that the same complaining party will be subject to the same action again." *Thompson*, 7 F.4th at 525 (quoting *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007)); *Lawrence v. Blackwell*, 430 F.3d 368, 371 (6th Cir. 2005) ("The party asserting that this exception applies bears the burden of establishing both prongs.").

This case satisfies neither prong. *First*, the relevant inquiry as to duration is "whether the challenged activity is by its very nature" too short to "be adjudicated while fully live." *Pharmachemie B.V. v. Barr Lab'ys, Inc.*, 276 F.3d 627, 633 (D.C. Cir. 2002) (cleaned up); *accord, e.g., Bayou Liberty Ass'n v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 399 (5th Cir. 2000) (considering whether the challenged action was "inherently capable of evading review"). Though Executive Order 14042 was in effect for a short period, it was not "by its *very nature* short in duration" and was "adjudicated while fully live" in other litigation. *See Pharmachemie*, 276 F.3d at 633 (cleaned up).

*Second*, as already explained, *supra* pp. 13–14, there is no reasonable expectation that the federal government will impose a policy substantially similar to Executive Order 14042 within the foreseeable future. *See, e.g., Resurrection Sch.*, 35 F.4th at 530 ("[The capable-of-repetition-yet-evading-review] exception is inapposite for largely the same reasons the [voluntary-cessation] exception is. . . . We are unlikely to see [the challenged action] in a similar form again."); *Brach*, 38 F.4th at 15 ("Our rationale for rejecting this exception mirrors much of our analysis regarding the voluntary cessation exception."). Moreover, Plaintiffs' "claims are inextricably tied to the COVID-19 pandemic"—"a unique factual situation," to be sure. *See Thompson*, 7 F.4th at 526 (citation omitted). But a case "is not capable of repetition if it is based on a unique factual situation" like a global pandemic. *See id.* (quoting *Memphis A. Philip Randolph Inst.*, 2 F.4th at 560). The controversy that prompted this lawsuit is thus hardly the type that "almost invariably will recur." *See id.* (citation omitted).

## III.  Plaintiffs' request for nominal damages does not save this case from mootness.

Plaintiffs' request for nominal damages cannot keep this case alive. *See* Compl., Relief Requested. Although a nominal-damages request may sometimes save a case from mootness, *see Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797–802 (2021), it does not do so here for at least two reasons.

*First*, this Court lacks jurisdiction to award Plaintiffs nominal damages because there is no waiver of sovereign immunity applicable to their claims. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994)

("Sovereign immunity is jurisdictional in nature."). As a sovereign, the United States "is immune from suit for money damages"—including nominal damages—"unless it unequivocally has waived such immunity." *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002); *see also, e.g.*, *ACLU of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 53 n.7 (1st Cir. 2013) ("[A] claim for nominal damages is foreclosed by . . . sovereign immunity."); *accord Saint Michael Acad., Inc. v. Hertel*, No. 22-1054, 2022 WL 14707052, at *3 (6th Cir. Oct. 26, 2022). The United States' sovereign immunity also bars claims, like Plaintiffs', for money damages against its officers and agents when sued in their official capacities. *Blakely*, 276 F.3d at 870. But Plaintiffs have failed to plead any specific waiver of sovereign immunity that supports their claims, and thus have failed to establish this Court's jurisdiction to award monetary relief. *See, e.g.*, *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) ("[A] party seeking to assert a claim against the government" must "point to a specific waiver of immunity in order to establish jurisdiction."); *accord* 5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1212 (4th ed.) ("[J]urisdictional allegations . . . must include a reference to the statute containing an express or implied waiver of the government's immunity from suit.").

*Second*, Plaintiffs have failed to show that Executive Order 14042 or its implementing guidance caused them any actual, past injury sufficient to justify a request for nominal damages. A plaintiff has standing to seek nominal damages in an otherwise moot case only if his "claim is based on a *completed* violation of a legal right." *Uzuegbunam*, 141 S. Ct. at 802 (emphasis added). But nominal damages "are unavailable where a plaintiff has failed to establish a past completed injury." *Id.* at 802 n.*; *accord Brumit v. City of Granite City*, --- F.4th ---, 2023 WL 4066650, at *1–2 (7th Cir. June 16, 2023) (rejecting argument that the plaintiffs' request for nominal damages "prevent[ed] mootness" where plaintiffs "did not allege a 'completed' violation of their rights"). Here, Plaintiffs do not allege that Executive Order 14042 ever caused them a cognizable injury. In fact, at the time Plaintiffs filed this lawsuit, a nationwide preliminary injunction prevented the federal government "from enforcing the vaccine

16

mandate for federal contractors and subcontractors." *Georgia*, 574 F. Supp. 3d at 1357. Instead, Plaintiffs' complaint alleges only the *threat* of harm—*i.e.*, that Plaintiffs would either need to "receive a COVID-19 vaccine or face adverse employment actions"—in the event the "Federal Contractor Vaccine Mandate" were ever enforced against them. Compl. ¶¶ 96–97. But because Executive Order 14042 was never enforced during the course of this litigation, Plaintiffs presumably averted the alleged harms that they sought to avoid. Because Plaintiffs' allegations are "premised on their 'speculative fear' that *if*" Executive Order 14042 had been enforced "against *them* in a particular manner, then such hypothetical enforcement *might* have resulted in penalties against Plaintiffs," they lack standing to seek nominal damages. *See Allen v. Whitmer*, No. 21-1019, 2021 WL 3140318, at *3 (6th Cir. July 26, 2021) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013)). Plaintiffs' request for nominal damages thus cannot save this case from mootness. *See, e.g.*, *Brumit*, 2023 WL 4066650, at *1–2.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case as moot.

Dated: July 12, 2023              Respectfully submitted,

                                 BRIAN M. BOYNTON
                                 Principal Deputy Assistant Attorney General

                                 BRAD P. ROSENBERG
                                 Special Counsel

                                 */s/ Jody D. Lowenstein*
                                 JODY D. LOWENSTEIN
                                 Mont. Bar No. 55816869
                                 MADELINE M. MCMAHON
                                 D.C. Bar No. 1720813
                                 Trial Attorneys
                                 U.S. Department of Justice
                                 Civil Division, Federal Programs Branch
                                 1100 L Street NW
                                 Washington, DC 20005
                                 Phone: (202) 598-9280
                                 Email: jody.d.lowenstein@usdoj.gov

                                 *Attorneys for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Civil Rule 7.2(b)(ii), undersigned counsel certifies that the foregoing brief is

6,118 words, excluding the portions excepted under Local Civil Rule 7.2(b)(i).

<u>/s/ Jody D. Lowenstein</u>
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice