**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| RYAN VANDERSTELT, *et al.*,<br><br>        Plaintiffs,<br>v.<br><br>JOSEPH R. BIDEN, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-5<br><br>HON. PAUL L. MALONEY<br>U.S. District Court Judge<br><br>HON. RAY KENT<br>U.S. Magistrate Judge |

**<u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

The President declared earlier this year that the Administration is now "in a different phase of [its] response to COVID-19,"[1] as dramatic improvements in public-health conditions have enabled the country "to move beyond" the need for certain federal measures taken during an "acute phase of the COVID-19 pandemic." Exec. Order No. 14099 § 1, 88 Fed. Reg. 30,891 (May 9, 2023). Consistent with that declaration, the President revoked Executive Order 14042 (among other pandemic-related measures) and ordered the rescission of all policies adopted to implement that order, thereby ending the COVID-19 vaccination requirement for federal contractors. *Id.* §§ 2–3.

With the revocation of Executive Order 14042, this case became moot. As defendants explained in their motion to dismiss, *see* Br. in Supp. of Defs.' MTD ("Mot."), ECF No. 37-1, plaintiffs seek declaratory and prospective injunctive relief regarding the "Federal Contractor Vaccine Mandate" (*i.e.*, Executive Order 14042 and its implementing guidance). *Id.* at 8. The problem is, there *is* no "Federal Contractor Vaccine Mandate"—the President revoked it, and it is no longer in effect. This

---

[1] The White House, *The Biden-Harris Administration Will End COVID-19 Vaccination Requirements for Federal Employees, Contractors, International Travelers, Head Start Educators, and CMS-Certified Facilities* (May 1, 2023), https://perma.cc/93DS-N47L.

1

case has thus turned into an abstract dispute, the resolution of which would have no real-world consequences for either party—the definition of mootness. As is routine in these circumstances, *see* Mot. at 7 & n.5, the Court should dismiss this case for lack of subject-matter jurisdiction, consistent with the growing chorus of federal courts that have found similar challenges to COVID-19–related policies to be moot following the rescission or termination of the challenged policy.[2]

Nothing in plaintiffs' opposition should persuade this Court to reach a different result here. Plaintiffs appear to accept that this Court can no longer grant them any effectual relief, as there is no action to enjoin, nor any controversy of sufficient reality to warrant declaratory relief. *See* Mot. at 8–9. Yet they nevertheless seek to keep this case alive under two exceptions to mootness: voluntary cessation and capable of repetition yet evading review. *See* Pls. Opp. to Defs.' MTD ("Opp.") at 1, ECF No. 42. Defendants have already explained why neither exception applies, *see* Mot. at 11–15, and plaintiffs' arguments to the contrary do not undermine that conclusion.

I. **This case does not fit within the voluntary-cessation exception to mootness.**

Plaintiffs principally contend that defendants have not carried their burden to show that Executive Order 14042's rescission moots this case. *See* Opp. at 7–13. But they evidently misunderstand how the voluntary-cessation exception works.

***First***, plaintiffs suggest that the lack of gamesmanship or litigation posturing in this case is

---

[2] *See, e.g.*, Mot. at 9–11 (collecting over a dozen cases); *Livingston Educ. Serv. Agency v. Becerra*, 2023 WL 4249469, at *1 (6th Cir. June 29, 2023) ("With the [Head Start] vaccine requirement rescinded, the requested relief would have no bearing on the plaintiffs' rights. Nor does any exception to the mootness doctrine apply here. Therefore, this case is moot."); *Louisiana v. Becerra*, No. 22-30748 (5th Cir. Aug. 29, 2023), ECF No. 114-2 (similar); *Health Freedom Def. Fund v. President of U.S.*, 71 F.4th 888, 891–94 (11th Cir. 2023) (concluding that a challenge to the federal COVID-19 mask mandate became moot when it expired); *Alvarado v. Austin*, No. 23-1419 (4th Cir. Aug. 3, 2023), ECF No. 25 (instructing district court to dismiss as moot challenge to military's rescinded COVID-19 vaccination mandate); *Coker v. Austin*, 2023 WL 5625486, at *3–6 (N.D. Fla. Aug. 25, 2023) (dismissing as moot challenge to military's rescinded COVID-19 vaccination mandate); *Jackson v. Mayorkas*, 2023 WL 5311482, at *1–6 (N.D. Tex. Aug. 17, 2023) (same); *Davis v. Austin*, 2023 WL 4352444 (M.D. Fla. July 5, 2023) (same); *Bongiovanni v. Austin*, 2023 WL 4352445 (M.D. Fla. July 5, 2023) (same).

irrelevant to this Court's voluntary-cessation analysis. *See* Opp. at 7–8. But in determining whether the voluntary-cessation exception applies, courts routinely consider whether the cessation of challenged conduct was done to avoid judicial review or otherwise obtain a litigation advantage. *See, e.g. Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (explaining that the voluntary-cessation exception ensures that a defendant cannot evade judicial review by stopping questionable behavior "to have the case declared moot" just to "pick up where he left off . . . until he achieves all his" ends); *Resurrection Sch. v. Hertel*, 35 F.4th 524, 529–30 (6th Cir. 2022) (rejecting the plaintiffs' reliance on the voluntary-cessation exception because, *inter alia*, there was a "lack of gamesmanship on the State's part"); *Alaska v. U.S. Dep't of Agric.*, 17 F.4th 1224, 1229 (D.C. Cir. 2021) ("'[T]he 'voluntary cessation' exception to mootness has no play when the agency did not act in order to avoid litigation." (cleaned up)); *U.S. Navy SEALs 1–26 v. Biden*, 72 F.4th 666, 674 (5th Cir. 2023) (refusing to apply the voluntary-cessation exception where there were no "suspicions of litigation posturing" or "signs of . . . gamesmanship" (cleaned up)); *Bos. Bit Labs, Inc. v Baker*, 11 F.4th 3, 10 (1st Cir. 2021) ("[W]e question whether this case raises the kind of litigation-scheming suspicions typically associated with defendant-initiated mootness," because the defendant rescinded the challenged COVID-19–related policies "not to avoid a court judgment, but in response to the progress made in battling the pandemic.").

In fact, the Sixth Circuit has explained that its "*primary concern*" in voluntary-cessation cases involving the government is "whether there is evidence that the government will 'flip-flop' or has altered its conduct solely in response to litigation." *Thomas v. City of Memphis*, 996 F.3d 318, 328 (6th Cir. 2021) (emphasis added). It has thus instructed lower courts to presume that a defendant will not reimpose a rescinded policy absent "objective evidence" suggesting that it has "made a bad-faith change to avoid judicial review." *Davis v. Colerain Twp.*, 51 F.4th 164, 174–75 (6th Cir. 2022); *accord Thomas*, 996 F.3d at 324 ("We presume that the same allegedly wrongful conduct by the government is unlikely to recur." (cleaned up) (quoting *Speech First v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019))).

3

This rule is consistent with the general presumption that governmental actors, "as public representatives, act in good faith." *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 833 (5th Cir. 2023). Accordingly, courts are required to treat the government's cessation of challenged conduct "with more solicitude . . . than similar action by private parties." *Hanrahan v. Mohr*, 905 F.3d 947, 961 (6th Cir. 2018) (citation omitted); *accord Davis*, 51 F.4th at 174–75 ("Government defendants have an easier time satisfying" their burden to show that challenged conduct is not reasonably expected to recur.); *U.S. Navy SEALs 1–26*, 72 F.4th at 673 ("Governmental entities bear a lighter burden in proving that the challenged conduct will not recur once the suit is dismissed as moot." (cleaned up)). Plaintiffs' suggestion that the Sixth Circuit treats government cessation with "solicitude" only where there has been a legislative or formal regulatory change in conduct is incorrect. *See* Opp. at 8. "[A]ll governmental action receives some solicitude." *Thomas*, 996 F.3d at 324 (citation omitted). It is simply the "degree of solicitude" that can change depending on "the totality of the circumstances surrounding the voluntary cessation." *Id.* (citation omitted).

Here, plaintiffs do not claim that defendants have engaged in any gamesmanship or litigation posturing. Indeed, it is undisputed that the President revoked Executive Order 14042 as part of a broader wind-down of COVID-19 emergency policies that was prompted by changed circumstances, not out of any effort to evade judicial review or gain litigation advantage. Therefore, consistent with Circuit precedent, this Court should presume that the federal government will not reimpose a policy like Executive Order 14042 in the foreseeable future. *See Davis*, 51 F.4th at 174–75; *see also Resurrection Sch.*, 35 F.4th at 528–31 ("[A] defendant's 'voluntary cessation' of challenged conduct moots a case only if there clearly is 'no reasonable expectation that the alleged violation will recur . . . in the foreseeable future'" (quoting *Ohio v. EPA*, 969 F.3d 306, 309–10 (6th Cir. 2020))).

**Second,** plaintiffs maintain that Executive Order 14042's revocation cannot moot this case because the federal government continues to defend the "legality and wisdom" of that order and has

not "disclaim[ed]" the authority to reimplement a similar policy. *See* Opp. at 9, 13. But as defendants explained, *see* Mot. at 14, "the government need not concede unlawful conduct to moot an action by rescission of the challenged conduct," *Colonel Fin. Mgmt. Officer v. Austin*, 2023 WL 2764767, at *2 (M.D. Fla. Apr. 3, 2022), because whether "the government continues to defend the legality" of a rescinded policy "has little, if anything to do with the voluntary-cessation analysis," *Health Freedom Def. Fund*, 71 F.4th at 892 (11th Cir. 2023) (cleaned up and quoting *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1269 (11th Cir. 2020)); *accord Davis*, 2023 WL 4352444, at *9. Nor does the President's authority to issue a policy like Executive Order 14042 prevent a finding of mootness here, as it is "black-letter law that the government's mere ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception." *U.S. Navy SEALs 1–26*, 72 F.4th at 674 (cleaned up); *accord Nat'l Black Police Ass'n v. Dist. of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997) ("[T]he mere power to reenact a challenged law is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists."); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000). And contrary to what plaintiffs suggest, *see* Opp. at 11, this principle applies equally in cases where a single official could theoretically reimpose the rescinded policy. *See, e.g.*, *Thomas*, 996 F.3d at 328 (rejecting the argument that a city was likely to reimpose a policy because the Mayor had the authority to do so); *Bos. Bit Labs*, 11 F.4th at 10 ("That the Governor has the power to issue executive orders cannot itself be enough to skirt mootness.").

**Third,** plaintiffs claim that a "deterioration" in public-health conditions "could prompt reimplementation" of a policy similar to Executive Order 14042, and that this "speculative possibility" is sufficient to avoid mootness. *See* Opp. at 11–13. But "speculation" cannot "get the job done" under the voluntary-cessation exception. *Thompson v. DeWine*, 7 F.4th 521, 526 (6th Cir. 2021). Again, for that exception to apply, there must be a "reasonable expectation" that a rescinded policy will be reimposed in the foreseeable future. *Resurrection Sch.*, 35 F.4th at 529–31; *see also Ohio*, 969 F.3d at 310 ("[A] case

5

[does not] remain[] live if the challenged conduct might recur at any time in the future, no matter how distant. What we cannot foresee, we cannot reasonably expect."). A "theoretical possibility of reversion to" a rescinded policy "is simply not sufficient to warrant an exception to mootness," *Thomas*, 996 F.3d at 328; *accord Martinko v. Whitmer*, 465 F. Supp. 3d 774, 777 (E.D. Mich. 2020) ("Plaintiffs' assertion that 'there is a good chance that these restrictions will come back' . . . is pure speculation and does not suffice to avoid the conclusion that their request for prospective injunctive and declaratory relief is moot.").

Plaintiffs' assumption that the federal government may someday "reimpose" a vaccination requirement for federal contractors if circumstances worsened, *see* Opp. at 11–13, is nothing more than sheer conjecture. Though Executive Order 14099 cited dramatic improvements in public-health conditions, it does not follow that any worsening circumstances would result in the reimposition of a substantially similar policy. And plaintiffs' argument that defendants can only carry their burden with a "guarantee" that COVID-19's "virulence" will never recur, *see* Opp. at 11, is at odds with Circuit precedent. In the numerous cases challenging rescinded COVID-19–related policies, the Sixth Circuit has never required the government to make such an impossible guarantee before concluding that the policy's rescission mooted the controversy. *See, e.g.*, *Livingston*, 2023 WL 4249469, at *1; *Resurrection Sch.*, 35 F.4th at 528–30; *Thompson*, 7 F.4th at 524–27. Nor have other Courts of Appeals required any such guarantee. *See, e.g.*, *U.S. Navy SEALs 1–26* 72 F.4th at 673–76; *Bos. Bit Labs*, 11 F.4th at 8–12.

**Finally,** though plaintiffs rely almost exclusively on *West Virginia v. EPA*, 142 S. Ct. 2587 (2022), and *Barrios Garcia v. DHS*, 25 F.4th 430 (6th Cir. 2022), neither case undermines a finding of mootness here. In *West Virginia*, the Supreme Court held that the petitioners retained a sufficient stake in challenging a lower court judgment because, if upheld, that judgment would have immediately resurrected a rule requiring petitioners to adopt more stringent regulations of power plant emissions, and there was no evidence that an ongoing agency rulemaking would lift that impending requirement.

6

142 S. Ct. at 2606. That is hardly similar to the situation here, where the President has rescinded an Executive Order and there is no indication that any similar policy will ever be reimposed.

And in *Barrios Garcia*, the Sixth Circuit held that an agency's creation of a program for processing immigration work-authorization applications (by means of a policy-manual revision) did not moot a claim challenging the agency's failure to implement such a program. 25 F.4th at 440–41. That case also offers this Court little guidance. As a factual matter, there was no indication in *Barrios Garcia* that the agency's change in conduct was prompted by anything other than the plaintiffs' lawsuit. In contrast, Executive Order 14042's rescission was prompted by matters extraneous to this litigation—*i.e.*, significant improvements in public-health conditions. *See, e.g.*, *Davis*, 51 F.4th at 175 ("A case [is] more likely become moot when the government has made the change because of something external to the plaintiff's suit."). This case is also more akin to more recent Sixth Circuit precedent dealing with the rescission of COVID-19–related policies, all of which recognize that the government's rescission of a challenged policy moots claims for declaratory and prospective injunctive relief. *See, e.g.*, *Resurrection Sch.*, 35 F.4th at 528–30; *Livingston*, 2023 WL 4249469, at *1; *see also, e.g.*, *Davis*, 51 F.4th at 174–76 (applying voluntary-cessation principles).

**II.     This case does not fit within the capable-of-repetition-yet-evading-review exception to mootness.**

Plaintiffs also suggest that this case survives under the capable-of-repetition-yet-evading-review exception. *See* Opp. at 13–15. But for reasons already explained, *see* Mot. at 14–15, this case does not present one of the "exceptional situations" in which that exception applies, *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (cleaned up).

First of all, to satisfy the capable-of-repetition-yet-evading-review exception, the challenged action must be "by its very nature," *Pharmachemie B.V. v. Barr Lab'ys, Inc.*, 276 F.3d 627, 633 (D.C. Cir. 2002) (cleaned up), "too short in duration for the parties to fully litigate it before it becomes moot," *Thompson*, 7 F.4th at 525. Plaintiffs suggest that Executive Order 14042 was in effect for too short a

period for its legality to be fully adjudicated, because litigation challenging that order only ever "resulted in preliminary injunctions," not "*full* adjudications." *See* Opp. at 14. But that's incorrect, as plaintiffs acknowledge elsewhere in their opposition. *See* Opp. at 4 (citing *Mayes v. Biden*, 67 F.4th 921 (9th Cir. 2023) (reversing district court's "permanent injunction against the Contractor Mandate")); *see also Donovan v. Biden*, 603 F. Supp. 3d 975 (E.D. Wash. 2022).

At any rate, this case does not fit within the capable-of-repetition-yet-evading-review exception for the same reason that it does not satisfy the voluntary-cessation exception: there is no reasonable expectation that the federal government will impose a policy like Executive Order 14042 again. *See, e.g.*, *Resurrection Sch.*, 35 F.4th at 530 ("[The capable-of-repetition-yet-evading-review] exception is inapposite for largely the same reasons the [voluntary-cessation] exception is. . . . We are unlikely to see [the challenged action] in a similar form again."); *Brach v. Newsom*, 38 F.4th 6, 15 (9th Cir. 2022) ("Our rationale for rejecting this exception mirrors much of our analysis regarding the voluntary cessation exception."). And as defendants have already explained, *see* Mot. at 15, to be "capable of repetition," the controversy that prompts a lawsuit must be of the type that "almost invariably will recur." *Thompson*, 7 F.4th at 526 (citation omitted). But plaintiffs' "claims are inextricably tied to the COVID-19 pandemic"—"a unique factual situation" that they cannot (and do not) seriously suggest is almost certain to recur. *See id.* (quoting *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 560 (6th Cir 2021)).[3]

## CONCLUSION

For the reasons stated in defendants' motion to dismiss and elaborated on above, the Court should dismiss this case as moot.

---

[3] Plaintiffs have abandoned their request for nominal damages by failing to address defendants' argument in their motion to dismiss that this Court lacks jurisdiction to grant nominal damages. *See Norris v. Stanley*, 2022 WL 247507, at *4 (W.D. Mich. Jan. 21, 2022) (Maloney, J.).

8

Dated: September 13, 2023                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRAD P. ROSENBERG
Special Counsel

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
MADELINE M. MCMAHON
D.C. Bar No. 1720813
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.2(b)(ii), undersigned counsel certifies that the foregoing brief is 2,837 words, excluding the portions excepted under Local Civil Rule 7.2(b)(i).

                                                                 */s/ Jody D. Lowenstein*
                                                                 JODY D. LOWENSTEIN
                                                                 Trial Attorney
                                                                 U.S. Department of Justice